IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:16-CR-46 |
| v. | ) | |
| | ) | |
| SZUHSIUNG HO a/k/a ALLEN HO, et al, | ) | (VARLAN / GUYTON) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Allen Ho's Motion for Bill of Particulars [Doc. 71], filed on October 18, 2016, and Defendant Allen Ho's Motion to Compel Discovery [Doc. 76], filed on November 22, 2016. The Government responded to these motions on November 1, 2016 [Doc. 74], and December 5, 2016 [Doc. 80] respectively. The Defendant filed reply briefs on November 9, 2016 [Doc. 75], and December 12, 2016 [Doc. 82]. The motions are now ripe for adjudication. For the reasons set out below, the Court **ORDERS** that the motion for a bill of particulars be **GRANTED in part**, in that the Government shall particularize any technology that it claims that Defendant Ho sold or assisted in or facilitated selling to the Chinese in violation of 42 U.S.C. §§ 2272(b) and 2272(a) of the Atomic Energy Act. The Court also **ORDERS** that the remainder of the motion for a bill of particulars and the motion to compel be **DENIED**.

## I. BACKGROUND

Defendant Szuhsiung Ho [Doc. 3] is charged, along with codefendants China General Nuclear Power Company ("China General") and Energy Technology International ("ETI"), with conspiring to develop special nuclear material illegally outside the United States (Count One) and with conspiring to act as an unregistered agent of a foreign government (Count Two). These crimes are alleged to have occurred from 1997 through April 5, 2016. Count One charges the Defendant with violating 42 U.S.C. §§ 2077(b) and 2272(a) of the Atomic Energy Act. Section 2077(b) provides in pertinent part that "[i]t shall be unlawful for any person to directly or indirectly engage or participate in the development or production of any special nuclear material outside of the United States," unless the person has authorization. Section 2272(a) makes it a crime punishable by a term of incarceration up to life imprisonment for willfully violating, attempting to violate, or conspiring to violate "any provision of section[] 2077 . . . with the intent to injure the United States or with intent to secure an advantage to any foreign nation[.]"

Count Two charges the Defendant with conspiring to act in the United States as an agent of a foreign government, i.e, the People's Republic of China, without prior notification to the Attorney General in violation of 18 U.S.C. § 951. Section 951(a) provides that "[w]hoever, other than a diplomatic or consular officer or attaché, acts in the United States as an agent of a foreign government without prior notification to the Attorney General if required in subsection (b), shall be fined under this title or imprisoned not more than ten years, or both." The seventeen-page Indictment was filed on April 5, 2016. Defendant Ho made his initial appearance before the undersigned on April 26, 2016.

## II. BILL OF PARTICULARS

The Defendant asks the Court to order the Government to provide a bill of particulars specifying all the overt acts that the Government will claim that he committed with regard to the conspiracies alleged in both counts of the Indictment. With regard to Count One, he requests that the Government identify every form of assistance that he obtained from experts in the United States related to the development and production of special nuclear material without authorization. With regard to Count Two, he asks the Government to identify the manner in which he and his alleged co-conspirators conspired with others to act as agents of the People's Republic of China. Finally, he asks that the Court require the Government to identify all trial exhibits that it intends to introduce in its case-in-chief seventy-five days before trial. In support of these requests, he argues that the alleged conspiracies occurred over twenty years and involve complex technology. He asserts that the requested particularization is necessary to allow him to prepare his defense, to avoid surprise at trial, and to protect against a future violation of his right to avoid facing trial for the same offense twice.

The Government responds in opposition, arguing that the Indictment is detailed and that it has provided extensive and thorough discovery in this case, the majority of which the Defendant has had for more than six months. It also contends that it has responded to discovery requests by the Defendant by providing specific responses, including "electronic evidence of communications exchanged, consultations arranged, and proprietary information brokered between Defendant Ho and [a co-conspirator] U.S. Person 1[,]" who has been identified to the Defendant. [Doc. 74, p. 2] The Government argues that the Defendant is not entitled to use a bill of particulars to force the Government to reveal its theory of the case or to obtain a roadmap of its case-in-chief. It observes that if the Defendant needs additional time to consult with

3

experts and to prepare for trial, given the complexity of this case, then he should move for a trial continuance.

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "fully, directly, and expressly[.]" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landham, 251 F.3d at 1079. Moreover, the statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487(1888)); Landham, 251 F.3d at 1079.

Federal Rule of Criminal Procedure 7(f) states that "[t]he court may direct the government to file a bill of particulars" and that "[t]he government may amend a bill of particulars subject to such conditions as justice requires." "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the

4

denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other gnds by stat., United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

In the instant case, the Court finds that the Indictment spans seventeen pages and provides specific dates, locations, documents, and persons (whom the Government states it has since identified in discovery) with regard to the Defendant's assistance to China General. The Indictment identifies four particular technologies, which the Government refers to as "aspects within the conspiracy" [Doc. 74, p.1] and which the Defendant is alleged to have assisted in selling to the Chinese: (1) China General's Small Modular Reactor Program,[1] (2) China General's Advanced Fuel Assembly Program, (3) China General's Fixed In-Core Detector System, and (3) verification and validation of nuclear reactor-related computer codes. [Doc. 3, ¶20] However, the Indictment does not limit the technologies at issue to those listed in the Indictment. Instead, it states that the Defendant obtained assistance of experts, based in the United States, with respect to these four technologies "among other matters[.]" [Doc. 3, ¶20] The Defendant seeks particularization of the other matters with which he is alleged to have sought and obtained assistance. In this regard, he argues that the Indictment covers a twenty-year time period but the overt acts discussed in the Indictment allege actions occurring during eight of the twenty years. The Defendant also argues that the complexity of the technologies involved require particularization.

---

[1] The Court notes that in its response, the Government did not list this technology as one of the aspects of the conspiracy, although it is listed in the Indictment.

The Court finds that the Indictment fails to inform the Defendant adequately of his alleged illegal assistance over a twenty-year period when it only alleges facts with regard to his actions over the last eight years. Accordingly, the Court finds that justice requires particularization of those overarching technologies or "aspects of the conspiracy" that the Government will allege that the Defendant assisted in providing to the Chinese without authorization in violation of 42 U.S.C. §§ 2077(b) and 2272(a) in order to permit the Defendant to prepare his defense and to avoid unfair surprise at trial. The Government is **DIRECTED** to provide a bill of particulars with this information on or before **January 3, 2017**.

The Court finds that the Defendant's remaining requests, including his request that the Government designate all exhibits that it will use in its case-in-chief seventy-five days before trial, sweep too broadly. His request for the Government to specify the types of assistance he provided to China General, including pinpointing portions of the documents named in the Indictment; his request that the Government identify when and the specifics of how he acted as an agent for the Chinese government; and his request for the Government's exhibits are not so much related to clarifying the charges, as they are a wholesale request for the Government's evidence. As stated above, a bill of particulars is not a means for the defense to gain disclosure of all of the government's evidence. Salisbury, 983 F.2d at 1375. Disclosure of discovery is governed by Rule 16 of the Federal Rules of Criminal Procedure. Pretrial discovery of the government's exhibits is conspicuously absent from the required disclosures in Rule 16(a). Finally, the Court observes that in its standard pretrial order, which is typically entered in conjunction with the pretrial conference, counsel is asked to meet in advance of trial to review the trial exhibits with a view toward stipulating to their admissibility, if possible. In other words,

6

Case 3:16-cr-00046-TAV-HBG   Document 84   Filed 12/21/16   Page 6 of 11   PageID #: 2392

the Court envisions that the parties will exchange their exhibits with each other within the two weeks preceding the trial.

In summary, the Defendant's Motion for a Bill of Particulars [**Doc. 71**] is **GRANTED in part**, in that the Government is **DIRECTED** to file a bill of particulars specifying the technologies, in addition to the four listed in paragraph 20 of the Indictment, related to the development and production of special nuclear material that the Defendant is alleged to have illegally sought and obtained the assistance of experts based in the United States, without the required authorization of the Secretary of Energy. The Government is **ORDERED** to file this bill of particulars on or before **January 3, 2017**. The Defendant's Motion for a Bill of Particulars is **DENIED in all other respects**.

### III. DISCOVERY REQUEST

The Defendant also asks the Court to compel the Government to produce (1) all specific authorizations, along with the supporting documents[2] for each, for technology or assistance to China that were granted from 1997 to the present and that are not in the Department of Energy's (DOE's) public reading room in Washington D.C. and (2) all information that China uses plutonium from commercial nuclear power plants to make nuclear weapons or information proving the opposite. The Government strenuously opposes disclosure of this information, arguing that the former is irrelevant with regard to whether the Defendant obtained specific authorization for the assistance he provided to China General. With regard to the latter, the Government argues that the Defendant is not charged with assisting in the production of

---

[2] With regard to each qualifying specific authorization, the Defendant seeks the application, the licensing-related correspondence between the applicant and the DOE, any internal memoranda prepared for the Secretary of Energy's review justifying a grant of authorization, and the non-proliferation or other assurances provided by China. The Court will refer to these documents as the supporting documents for the specific authorizations.

plutonium for use in nuclear weapons. The Court agrees with the Government that the discovery the Defendant seeks to compel is not relevant to the instant charges.

Rule 16 (a)(1)(E)(i) requires the government to disclose or permit the defendant to inspect documents or data within its control that are material to the defendant's preparation of his defense. With regard to the first category of information, the Defendant argues that § 2077(b) requires that the Secretary of Energy make a non-inimicality finding for transferring certain technology to a foreign country. He contends that, once that finding is made with regard to a particular technology, the Secretary does not have to make a non-inimicality finding with regard to that specific technology again. In other words, individuals seeking to provide that same technology to the same foreign country in the future do not need specific authorization. Under the Defendant's interpretation of the statute, the fact that the technologies he is accused of helping provide to China General have already been the subject of a specific authorization provides a complete defense to the charges and, therefore, is material to his defense. The Court disagrees with the Defendant's interpretation of the statute.

As set out above, § 2077(b) provides in pertinent part that "[i]t shall be unlawful for any person to directly or indirectly engage or participate in the development or production of any special nuclear material outside of the United States," unless the person has authorization from the Secretary of Energy. Section 2077(b) authorizes the Secretary of Energy to establish procedures for the authorization process. Those procedures are set out at 10 C.F.R. § 810. Regulation 810 applies to

> (1) All *persons* subject to the jurisdiction of the United States who directly or indirectly engage or participate in the development or production of any special nuclear material outside the United States; and

> (2) The transfer of technology that involves any of the activities
> listed in paragraph (b) of this section either in the United States or
> abroad by such *persons* [or individuals they supervise].

10 C.F.R. § 810(a) (emphasis added). Thus, regulation 810 expressly requires authorization for each *person* seeking to participate in the development or production of special nuclear material in another country, not each technology. The Court acknowledges that the regulation exempts from the authorization process the "[t]ransfer of publicly available information, publicly available technology, or the results of fundamental research[.]" 10 C.F.R. 810(c)(2). However, if the technology/technologies with which the Defendant is alleged to have assisted were publicly available, then they would not be the subject of any specific authorization that he is requesting. An example raised at oral argument on the Defendant's motion to dismiss the Indictment for failure to state an offense supports a reading of the statute that requires authorization of the individual or entity, not just the technology. At the September 15, 2016 motion hearing, defense counsel pointed out that the Department of Energy had recently authorized Westinghouse to provide nuclear reactors to China General. [Doc. 59, pp.17, 22-23; see also pp.32-33, 35], If § 2077(b) requires authorization of each technology, rather than each person/entity, as the Defendant contends, then Westinghouse would not have had to seek the authorization it gained.

    The Defendant also argues that the specific authorizations and supporting documents are material to his defense because they bear upon his intent, i.e. whether he willfully violated § 2077(b). He contends that these documents are critical to his refuting the Government's contention that he knew it was unlawful to provide assistance to China without authorization and he knew that he did not have authorization to provide the assistance that he

9

provided. However, nothing in the specific authorizations and the supporting documents requested will prove the Defendant's state of mind, that is whether the Defendant believed that the statute required authorization of the technology, rather than the person. The Court agrees with the Government that the specific authorizations and supporting documents requested by the Defendant are not material to whether or not the Defendant violated § 2077(b). Moreover, the specific authorizations and supporting documents are not publicly available because they contain sensitive and proprietary information. The Defendant's request for this information is denied.

The Defendant also asks the Court to compel the Government to disclose information relating to China's use of special nuclear material produced in commercial nuclear power plants in the production of nuclear weapons. He maintains that this information is material to his defense because the Government has argued that that the only way to produce significant amounts of plutonium is in a nuclear reactor and that plutonium from a reactor, such as the one at Daya Bay, can be used to make nuclear explosive devices. He argues that the information sought, showing that China does not source its plutonium for weapons from commercial nuclear power plants, is critical for him to convince the jury (and the Judge at any future sentencing hearing) that he was reasonable in believing his conduct was authorized. The Government responds that information concerning China's nuclear weapons program has nothing to do with this case and, moreover, is classified information. It contends that it does not need to demonstrate that plutonium produced at the facilities, where the Defendant provided assistance, was used in nuclear weapons.

As discussed in this Court's Report and Recommendation, § 2077(b) is violated by the unauthorized assistance in the development of special nuclear material, regardless of how that special nuclear material is ultimately used. The Government admits that "[w]hatever use or

10

non-use China may have for plutonium produced by the facilities for which defendant or his co-conspirators allegedly provided assistance is irrelevant." [Doc. 80, p.7] Thus, the Court finds that whether China sources plutonium for its nuclear weapons from commercial nuclear power plants is not material to the Defendant's defense.[3] Accordingly, the Defendant's Motion to Compel Discovery [**Doc. 76**] is **DENIED**.

### IV. CONCLUSION

For the reasons discussed above, it is **ORDERED**:

(1) The Defendant's Motion for a Bill of Particulars [**Doc. 71**] is **GRANTED in part**, in that the Government is **DIRECTED** to file a bill of particulars specifying the technologies, in addition to the four listed in paragraph 20 of the Indictment, related to the development and production of special nuclear material that the Defendant is alleged to have illegally sought and obtained the assistance of experts based in the United States, without the required authorization of the Secretary of Energy. The Government is **ORDERED** to file this bill of particulars on or before **January 3, 2017**. The Defendant's Motion for a Bill of Particulars is **DENIED in all other respects**; and

(2) The Defendant's Motion to Compel Discovery [**Doc. 76**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge

---

[3] The Defendant argues that "[i]t strains credulity to believe that the government will refrain from making implicit references to nuclear weapons when explaining the dangers of special nuclear material to the jury." [Doc. 82, p.7] Given the Government's acknowledgment that such references are irrelevant, the Defendant's concern that the prosecutors will improperly refer to the use of plutonium in nuclear weapons in order to inflame the jury is best addressed by a motion *in limine*.

11