IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE, TENNESSEE

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
vs.                            )   Case No.:
                               )   3:16-CR-00046-TAV-HBG-1
SZUHSIUNG HO,                  )
also known as                  )
ALLEN HO,                      )
                               )
          Defendant.           )
_____)
```

**PROCEEDINGS**
**BEFORE THE HONORABLE THOMAS A. VARLAN**

**January 6, 2017**
**1:36 p.m. to 1:59 p.m.**

**APPEARANCES:**

**FOR THE PLAINTIFF:**          CHARLES E. ATCHLEY, JR., ESQUIRE
                                Assistant United States Attorney
                                United States Department of Justice
                                Office of the United States Attorney
                                800 Market Street
                                Suite 211
                                Knoxville, Tennessee 37901

                                CASEY THOMAS ARROWOOD, ESQUIRE
                                Assistant United States Attorney
                                United States Department of Justice
                                Office of the United States Attorney
                                600 E Street NW
                                Washington, DC 20004

**REPORTED BY:**
Rebekah M. Lockwood, RPR, CRR
Official Court Reporter
P.O. Box 1823
Knoxville, Tennessee 37901

**APPEARANCES (CONTINUED):**

**FOR THE DEFENDANT:**

PETER ZEIDENBERG, ESQUIRE
Arent Fox, LLP
1717 K Street NW
Washington, DC 20006

WADE V. DAVIES, ESQUIRE
Ritchie, Dillard, Davies & Johnson, PC
606 West Main Street
Suite 300
Knoxville, Tennessee 37902

1        (Call to Order of the Court)

2              THE COURT:  Thank you.  Good afternoon, everyone.  Let's

3   call up the next case, please.

4              THE COURTROOM DEPUTY:  Criminal Action 3:16-CR-46, United

5   States of America versus Szuhsiung Ho.

6              Mr. Charles Atchley, Jr. and Mr. Casey Arrowood are here

7   on behalf of the government.

8              Is the government present and ready to proceed?

9              MR. ATCHLEY:  Present and ready, Your Honor.

10             THE COURTROOM DEPUTY:  Mr. Peter Zeidenberg and Mr. Wade

11  Davies here on behalf of the defendant.

12             Is the Defendant present and ready to proceed?

13             MR. ZEIDENBERG:  Good afternoon, Your Honor.

14             THE COURT:  Good afternoon.  Thank you.  Welcome,

15  everyone.  Let's begin by asking the United States to please give

16  us the status of this case.

17             MR. ATCHLEY:  Your Honor, this case is United States of

18  America versus Szuhsiung Ho, Docket No. 3:16-CR-46.  Was indicted

19  April 5th of 2016.  It is currently set for trial on January 24th

20  in this courtroom.  It is here today for a change of plea.

21             THE COURT:  All right.  That is pursuant to a plea

22  agreement that's filed, Document 86, in this case.

23             So, Mr. Ho, turning to you, the Court has been informed

24  today, as well as via your plea agreement, that you do wish to

25  change your plea to a plea of guilty in this case.  If you'll

UNITED STATES DISTRICT COURT

1    please come up to the lectern, along with your counsel, we'll begin

2    today's proceedings by having the courtroom deputy swear you in.

3             THE COURTROOM DEPUTY:  Sir, if you'll raise your right

4    hand.

5        (The Defendant Is Sworn.)

6             THE COURTROOM DEPUTY:  Please state your name for the

7    record.

8             THE DEFENDANT:  Szuhsiung Ho.

9             THE COURT:  Thank you, Mr. Ho.  Before I accept your

10   guilty plea, there are a number of questions I need to ask you to

11   assure your plea is valid.

12            Do you understand you're now under oath, and you if

13   answer any of my questions falsely, your answers may later be used

14   against you in another prosecution for perjury or for making a

15   false statement?

16            Do you understand that?

17            THE DEFENDANT:  Yes, Your Honor.

18            THE COURT:  Thank you.  You've given us your name.  I

19   notice the indictment also identifies you as AKA Allen Ho.  But do

20   you go by any other names other than those names referenced?

21            THE DEFENDANT:  No.

22            THE COURT:  And how old are you, please?

23            THE DEFENDANT:  66.

24            THE COURT:  And how far did you go in any schooling?

25            THE DEFENDANT:  Went to Berkeley for my master's degree

UNITED STATES DISTRICT COURT

1    in mechanical engineering, and then I went to University of

2    Illinois in Champaign-Urbana for my PhD degree in nuclear

3    engineering.

4            THE COURT:  And I need to go ahead and ask, but I

5    anticipate the answer to this being no, but at the present time,

6    for any reason, do you have any difficulties reading or writing?

7            THE DEFENDANT:  No.

8            THE COURT:  And have you ever suffered from or been

9    treated for any mental health illness or addiction to narcotic

10   drugs of any kind?

11           THE DEFENDANT:  No, Your Honor.

12           THE COURT:  Have you taken any drugs, medicine, pills, or

13   alcoholic beverage of any kind within the last 24 hours?

14           THE DEFENDANT:  No, Your Honor.

15           THE COURT:  And do you understand what's happening here

16   today?

17           THE DEFENDANT:  Yes, Your Honor.

18           THE COURT:  Thank you.  Mr. Zeidenberg or Mr. Davies, do

19   you consider this defendant competent to enter a plea of guilty to

20   the charged offense?

21           MR. ZEIDENBERG:  Yes, I do.

22           THE COURT:  All right.  Now, Mr. Ho, let me ask you, have

23   you received a copy of the indictment in this case brought by the

24   government?

25           THE DEFENDANT:  Yes, Your Honor.

                    UNITED STATES DISTRICT COURT

THE COURT:  Have you had ample opportunity to discuss the charges against you in your case with your attorneys?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have you told your lawyers everything you know about this case?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you believe your lawyers are fully aware of all the facts on which the charges are based?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Has your lawyer -- or have your lawyers advised you as to the nature and meaning of the charges?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have your lawyers specifically advised you as to the elements of the offense or offenses charged which the government must prove beyond a reasonable doubt?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have your lawyers advised you as to any defense you may have to the charges against you?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have your lawyers explained the terms of the plea agreement to you?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have you and your lawyers discussed any maximum possible penalty, including any imprisonment, fine, and term of supervised release, as well as any mandatory minimum

UNITED STATES DISTRICT COURT

1      penalty?

2             THE DEFENDANT: Yes, Your Honor.

3             THE COURT: Have you and your lawyers discussed any

4      applicable forfeiture, the Court's authority to order restitution,

5      and the Court's obligation to impose a special assessment?

6             THE DEFENDANT: Yes, Your Honor.

7             THE COURT: Are you satisfied with the advice your

8      lawyers have giving you in this matter?

9             THE DEFENDANT: Yes, Your Honor.

10            THE COURT: Mr. Zeidenberg, are you satisfied the

11     defendant understands the charge and elements of the offense

12     charged?

13           MR. ZEIDENBERG: Yes.

14           THE COURT: And the legal meaning of the words used in

15     the indictment and in the plea agreement?

16           MR. ZEIDENBERG: I am satisfied.

17           THE COURT: Thank you.

18           Next, Mr. Ho, I need to talk to you about certain

19     constitutional rights that you would be waiving or giving up by

20     pleading guilty.

21           Do you understand you have a right to plead not guilty to

22     any offense charged against you and to persist in that plea?

23           THE DEFENDANT: Yes, Your Honor.

24           THE COURT: Do you understand you would then have the

25     right to a trial by jury during which you would also have the right

UNITED STATES DISTRICT COURT

1    to the assistance of counsel for your defense?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  Do you understand you'd have the right to see

4    and hear all the witnesses and have them cross-examined in your

5    defense, as well as the right on your own part not to testify,

6    unless you chose to do so in your own defense?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  And do you understand you would have the

9    right at a trial to compel the attendance of witnesses to testify

10   on your behalf?

11           THE DEFENDANT:  Yes, Your Honor.

12           THE COURT:  Do you understand by entering a plea of

13   guilty, if accepted by the Court, there will be no trial and you

14   will have given up the right to a trial of any kind, as well as

15   those other rights associated with a trial that I've described to

16   you?

17           THE DEFENDANT:  Yes, Your Honor.

18           THE COURT:  And do you understand you will be giving up

19   the right not to be compelled to incriminate yourself, that is the

20   right to remain silent, as well as the right to require the United

21   States to prove you guilty beyond a reasonable doubt?

22           THE DEFENDANT:  Yes, Your Honor.

23           THE COURT:  Next, I want to inquire as to the

24   voluntariness of your plea with these questions.  Has any person,

25   including an officer or agent of the government, put any pressure

                    UNITED STATES DISTRICT COURT

1    on you, mental or physical, to force you to plead guilty?

2              THE DEFENDANT:  None that I know.

3              THE COURT:  All right.  And has any person, including an

4    officer or agent of the government, promised you or suggested

5    you'll receive a lighter sentence or other form of leniency as a

6    result of your plea of guilty?

7              THE DEFENDANT:  Not that I can think of.

8              THE COURT:  Let's look at your plea agreement in

9    particular.

10             Do you understand under the terms of the plea agreement,

11   you and the government agree that, for purposes of sentencing,

12   Sentencing Guidelines Section 2M6.1(a)(2) will be used to calculate

13   your base offense level?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  And do you understand -- I'm sure it's been

16   said through your attorneys, but do you understand under that

17   Sentencing Guideline that it appears that a base offense level of

18   28 is what is called for by that Guideline provision?

19             Do you understand that?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  You also understand the government is

22   agreeing to recommend a sentence at the low end of any calculated

23   Guideline range prior to any other considerations by the Court?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  All right.  Now, I want to look specifically

                        UNITED STATES DISTRICT COURT

1    at Paragraph 11.

2         Do you understand your plea agreement contains provisions

3    under which you are waiving certain rights, including the right to

4    appeal or collaterally attack your sentence?

5         THE DEFENDANT:  Yes, Your Honor.

6         THE COURT:  Break that down.  First, Paragraph 11(a)

7    provides that you agree not to file a direct appeal of your

8    conviction or sentence.  Correct?

9         THE DEFENDANT:  Correct, Your Honor.

10        THE COURT:  Do you understand the only exception to this

11   waiver of direct appeal is, you retain the right to appeal a

12   sentence imposed above the Sentencing Guideline range determined by

13   the Court or above any mandatory minimum sentence deemed applicable

14   by the Court, whichever is greater?

15        THE DEFENDANT:  Yes, Your Honor.

16        THE COURT:  As part of this waiver, to the extent it's

17   otherwise applicable, do you understand you waive the right to

18   appeal the Court's determination as to whether your sentence would

19   be consecutive or partially concurrent to any other sentence?

20        THE DEFENDANT:  Yes, Your Honor.

21        THE COURT:  Next, Paragraph 11(b) provides that you

22   knowingly and voluntarily waive the right to file any motions or

23   pleadings pursuant to 28 United States Code Section 2255 or to

24   otherwise collaterally attack your conviction or resulting

25   sentence?

UNITED STATES DISTRICT COURT

1          Do you understand that?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  And do you understand the only exception to

4   this waiver is you retain the right to raise, by way of collateral

5   review under Section 2255, claims of ineffective assistance of

6   counsel or prosecutorial misconduct?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  And next, Paragraph 11(c) provides that you

9   will not request or receive from any department or agency of the

10  United States any records pertaining to the investigation or

11  prosecution of this case.

12         Do you understand this provision?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  Any questions about these waiver provisions

15  in your plea agreement?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  We've gone over the waiver provisions, but do

18  you have any questions at this time about those waiver provisions?

19         THE DEFENDANT:  No.

20         THE COURT:  Was your answer no?

21         THE DEFENDANT:  No.

22         THE COURT:  Okay.  Thank you.  All right.  The Court also

23  notes that your plea agreement contains a provision of the type

24  specified in Federal Rule of Criminal Procedure 11(c)(1)(A).  This

25  means you pled guilty to a certain charged offense, and the

                    UNITED STATES DISTRICT COURT

1  government has agreed it will not bring or will move to dismiss

2  other charges against you, in particular the United States has

3  agreed to move the Court at the time of sentencing to dismiss the

4  remaining count against you in the indictment, as well as agreeing

5  not to further prosecute you for any other non-tax criminal

6  offenses committed by you that are related to the charges contained

7  in the indictment in this case and that are known to the United

8  States at the time the plea agreement was signed by both parties.

9          Do you understand that provision?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  All right.  The Court advises you that if it

12  accepts this plea agreement -- that if it accepts the plea

13  agreement, this agreed disposition between you and the government

14  will be included in the judgment.  The Court further advises you

15  that if, for some reason, it were to reject the plea agreement, the

16  Court is not then required to follow the plea agreement, but you

17  would then have the right to withdraw your plea and proceed to

18  trial, date and time to be determined by the Court.

19          Do you understand all that?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Thank you.  Pursuant to Federal Rules of

22  Criminal Procedure 11(c)(1)(A), the Court will defer decision on

23  whether to accept the plea agreement until having had the

24  opportunity to consider the presentence report in this case.

25          Mr. Zeidenberg, do you wish to waive reading of the

UNITED STATES DISTRICT COURT

1  indictment?

2  MR. ZEIDENBERG: Yes, Your Honor.

3  THE COURT: Mr. Atchley, then, if the government at this

4  time would please state its case against this defendant, including

5  the charge, the elements and factual basis for the elements of the

6  charge, and the maximum possible punishment.

7  MR. ATCHLEY: Yes, sir. As stated by the Court, Mr. Ho

8  is here today to enter a guilty plea to the lesser included offense

9  in Count 1, that is conspiracy to directly or indirectly engage or

10 participate in the unauthorized development or production of

11 special nuclear material outside of the United States without the

12 intent to injure the United States or secure an advantage to a

13 foreign nation, in violation of 42 U.S. Code Sections 2077(b) and

14 2272(a).

15 The punishment for this offense is a term of imprisonment

16 up to 10 years -- there is no mandatory minimum associated with

17 it -- a term of supervised release of any period of time up to

18 three years, the possibility of a maximum fine of $250,000, and a

19 $100 special assessment.

20 In order to convict Mr. Ho of this offense, the United

21 States would need to prove that Mr. Ho acted willfully and

22 knowingly when he conspired to engage or participate directly or

23 indirectly in the development or production of special nuclear

24 material outside the United States, and he did so without specific

25 authorization to do so by the Secretary of Energy.

UNITED STATES DISTRICT COURT

1    The United States would intend to prove in this case, and

2    the defendant is -- has agreed, that during the period alleged in

3    the indictment, the defendant was a nuclear engineer who acted as a

4    consultant to China General Nuclear Power Company.  CGNPC is based

5    in the People's Republic of China.

6    The defendant was also the owner and president of Energy

7    Technology International.  CGNPC was a State-owned enterprise that

8    specialized in the development and manufacture of nuclear reactors.

9    China General -- China Nuclear Power Technology Research Institute

10   was a subsidiary of CGNPC and served CGNPC's main technology center

11   focused on research, development, and design of nuclear power

12   technology.

13   The defendant willfully sought to profit by his own

14   actions and those of ETI by assisting CGNPC in procuring U.S.-based

15   nuclear engineers from the Eastern District of Tennessee and

16   elsewhere to assist CGNPC and its subsidiaries in designing and

17   manufacturing certain components to nuclear reactors more quickly

18   by reducing the time and financial costs of research and

19   development of nuclear technology, as is alleged more thoroughly in

20   the indictment of this matter.

21   Such technical assistance was related to the following

22   among other matters:  (1) CGNPC's Small Modular Reactor Program;

23   (2) CGNPC's Advanced Fuel Assembly Program; (3) CGNPC's Fixed

24   In-Core Detector System; and (4) verification and validation of

25   nuclear reactor-related computer codes.

UNITED STATES DISTRICT COURT

1        The defendant was aware that this type of assistance

2   required the special authorization of the Secretary of Energy

3   before it could be exported to the PRC, and he had sought approval

4   from the Department of Energy in the past.  At no time did the

5   defendant obtain specific authorization from the Secretary of

6   Energy for the conduct described in the indictment.

7        This assistance included, but is not limited to, paying

8   the person identified as U.S. Person 1 in the indictment to travel

9   from November 25th, 2013 to November 29th, 2013 to the PRC at

10  CGNPC's request to provide nuclear consulting to CGNPC.  During

11  this trip, U.S. Person 1 provided the following Electric Power

12  Research Institute reports to CGNPC:  (1) Program on Technology

13  Innovation, EPRI Material Management Matrix; EPRI Report Number

14  1016334; (2) A Method to Predict Cavitation and the Extent of

15  Damage in Power Plant Piping; EPRI Report Number TR-103198-T2; and

16  (3) Assessment of EPRI Fuel Reliability Guidelines for New Nuclear

17  Plant Design; EPRI Report Number 1019211.

18        The Department of Energy National Nuclear Security

19  Administration Office of Nonproliferation and International

20  Security has certified that the technology the defendant sought and

21  did willfully assist in exporting to the PRC is controlled by

22  10 C.F.R. 810.1(a) and illegal to export to the PRC without

23  specific authorization from the Secretary of Energy.

24        THE COURT:  All right.  Thank you, Mr. Atchley.

25        Now, returning to you, Mr. Ho, did you hear the

UNITED STATES DISTRICT COURT

1   government's case against you?

2           THE DEFENDANT:  Yes, Your Honor.

3           THE COURT:  And do you agree with the government's

4   summary of what you did as outlined in your plea agreement and by

5   the government here today in court?

6           THE DEFENDANT:  Yes, Your Honor.

7           THE COURT:  Do you understand these may not be all the

8   facts of the case and that other facts may be relevant to

9   sentencing, and that you and the government retain the right to

10  present additional facts to the Court at the time of sentencing?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  Do you understand you're pleading guilty to

13  the lesser included offense of Count 1 of the indictment, that

14  being conspiracy to directly or indirectly engage or participate in

15  the unauthorized development or production of special nuclear

16  material outside the United States without the intent to injure the

17  United States or to secure an advantage to a foreign nation in

18  violation of 42 U.S. Code Sections 2077(b) and 2272(a)?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  Do you understand the elements of this charge

21  against you, as outlined by the government today and in your plea

22  agreement?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  Do you understand the punishment for this

25  offense, again, as outlined in your plea agreement, is a term of

UNITED STATES DISTRICT COURT

1   imprisonment of up to 10 years, supervised release of up to three

2   years, a fine of up to $250,000, and a $100 special assessment?

3           THE DEFENDANT:  Yes, Your Honor.

4           THE COURT:  All right.  As to the lesser included offense

5   of Count 1 of the indictment, charging you with this violation of

6   42 U.S. Code Sections 2077(b) and 2272(a), how do you plead?

7           THE DEFENDANT:  Yes, Your Honor.

8           THE COURT:  I'm asking you now how do you wish to plead

9   to that count?

10          THE DEFENDANT:  I plead guilty.

11          THE COURT:  And do you understand what you're pleading

12  guilty to?

13          THE DEFENDANT:  Yeah, Your Honor.

14          THE COURT:  And -- thank you.  And are you offering to

15  plead guilty because you are in fact guilty?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Mr. Ho, if your plea is accepted, you'll be

18  adjudged guilty of a felony.  This may deprive you of valuable

19  civil rights, such as the right to vote, hold public office, serve

20  on a jury, and possess any kind of firearms.

21          The Court also advises you that the Court is required to

22  consider any applicable Sentencing Guidelines, but may vary from

23  those Guidelines under some circumstances.

24          Have you had the opportunity to discuss with your lawyers

25  the possible application of these advisory Guidelines to your case?

UNITED STATES DISTRICT COURT

1    THE DEFENDANT:  Yes, Your Honor.

2    THE COURT:  The Court further advises you that should it

3    accept your plea of guilty, your sentence could be enhanced or

4    increased due to any prior convictions you may have.  In addition,

5    if the Court accepts your plea of guilty, a judgment of conviction

6    will result, and this conviction in this case may be used against

7    you in the future, if you should be convicted in any subsequent

8    proceeding, to enhance or increase any sentence you might receive

9    for any future offenses you might commit.  In other words, your

10   guilty plea in this case could hurt you in the future in the event

11   of any future wrongdoing on your part.

12        Do you understand that?

13        THE DEFENDANT:  Yes, Your Honor.

14        THE COURT:  The Court also notes that you will not be

15   permitted to withdraw your plea on the basis of the sentence you

16   might receive.

17        Do you understand that?

18        THE DEFENDANT:  Yes, Your Honor.

19        THE COURT:  The Court further notes that your sentence is

20   to be determined by the Court in conformity with any appropriate

21   sentencing factors, including any applicable Sentencing Guidelines.

22   And the government has not otherwise made any sentencing

23   recommendations to date in this case, other than its agreement in

24   the plea agreement to recommend a sentence at the low end of the

25   applicable Guidelines range.

UNITED STATES DISTRICT COURT

```
 1              Do you understand that?

 2              THE DEFENDANT:  Yes, Your Honor.

 3              THE COURT:  The Court will not be able to determine an

 4   appropriate sentence until having received the presentence report,

 5   and you and the government will have an opportunity to consider and

 6   challenge the facts in that report.

 7              Under some circumstances, the government may have the

 8   right to appeal the sentence imposed by this Court.

 9              The Court advises you that parole in the federal system

10   has been abolished.  If you are sentenced to prison, you will not

11   be released on parole.

12              Let me ask you, Mr. Ho, are you presently on probation as

13   to any previous offense or on parole from any jail or penal

14   institution?

15              THE DEFENDANT:  No.

16              THE COURT:  The Court is also required to inform you as

17   to the condition of any period of supervised release that might be

18   imposed in this case, such supervised release will be revoked

19   should you be found in possession of any controlled substance or

20   firearm.  This revocation is mandatory under federal law.

21              Knowing these penalties, do you still wish to plead

22   guilty?

23              THE DEFENDANT:  Yes, Your Honor.

24              THE COURT:  The Court has observed the appearance of this

25   defendant and his responsiveness to the questions asked.  Based
```

UNITED STATES DISTRICT COURT

1   upon these observations and answers, the Court finds the defendant,

2   Mr. Szuhsiung Ho, to be in possession of his faculties and is

3   competent to plead guilty.  The defendant is not under the

4   influence of narcotics or other drugs or alcohol.  He knowingly

5   waives his constitutional rights to trial and other rights accorded

6   to persons accused of a crime.

7           The factual basis for the guilty plea has been

8   established, and the defendant understands the nature and elements

9   of the offense to which the plea is offered and the maximum

10  penalties provided by law for the offense.  The defendant has

11  offered to plead guilty knowingly and voluntarily.

12          Accordingly, the plea of guilty will be accepted and the

13  defendant is adjudged guilty of violating 42 U.S. Code Sections

14  2077(b) and 2272(a).  That is, beginning in or about 1997 and

15  continuing until April 5, 2016, in the Eastern District of

16  Tennessee and elsewhere, the defendant did conspire with others to

17  directly or indirectly engage or participate in the unauthorized

18  development or production of special nuclear material outside the

19  United States without the intent to injure the United States or to

20  secure an advantage to a foreign nation.

21          Mr. Ho, do you understand you'll be asked to give

22  information to the United States probation officer for preparation

23  of your presentence report and that you may have your attorney

24  present with you at that time, if you wish?

25          THE DEFENDANT:  Yes, Your Honor.

                        UNITED STATES DISTRICT COURT

1          THE COURT:  You and your attorney will be permitted to

2    read the presentence report before the sentencing hearing.  Within

3    14 calendar days of filing of the presentence report, all parties

4    must file with the Court any objections they may have to the report

5    or notice of no objections pursuant to Local Rule 83.9(c).

6          Among other provisions, the Court also reminds the

7    parties of the provisions of Local Rule 83.9(j), which contains the

8    deadlines therein related to the filing of sentencing memoranda

9    and/or motions prior to the sentencing hearing date.

10          And, Mr. Ho, you're advised that at your sentencing

11    hearing, both you and your attorneys will be permitted to speak on

12    your behalf.

13          I understand we're going to set sentencing, at least at

14    this point in time, subject to any calendaring necessary -- subject

15    to any necessary calendaring changes, for Wednesday May 17, 2017 at

16    11:00 a.m.

17          That otherwise concludes matters necessary to bring up

18    today.

19          Is there anything else we need to bring up at the present

20    time, Mr. Atchley or Mr. Arrowood, on behalf of the government?

21          MR. ATCHLEY:  Your Honor, may I approach with defense

22    counsel?

23          THE COURT:  Yes.

24      (Bench conference off the record.)

25          THE COURT:  Mr. Atchley, anything further?

                    UNITED STATES DISTRICT COURT

1          MR. ATCHLEY:  No, sir.

2          THE COURT:  Mr. Zeidenberg or Mr. Davies, anything

3    further on defendant's behalf this afternoon?

4          MR. ZEIDENBERG:  No, Your Honor.

5          THE COURT:  If not, then we will stand adjourned.  Thank

6    you everyone for being here this afternoon.

7          THE COURTROOM DEPUTY:  All rise.  This honorable court

8    shall stand adjourned.

9        (Proceedings adjourned at 1:59 p.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                    UNITED STATES DISTRICT COURT

1           **CERTIFICATE OF REPORTER**

2    STATE OF TENNESSEE

3    COUNTY OF KNOX

4           I, Rebekah M. Lockwood, RPR, CRR, do hereby certify that

5    I was authorized to and did stenographically report the foregoing

6    proceedings; and that the foregoing pages constitute a true and

7    complete computer-aided transcription of my original stenographic

8    notes to the best of my knowledge, skill, and ability.

9       I further certify that I am not a relative, employee,

10   attorney, or counsel of any of the parties, nor am I a relative or

11   employee of any of the parties' attorney or counsel connected with

12   the action, nor am I financially interested in the action.

13      IN WITNESS WHEREOF, I have hereunto set my hand at Knoxville,

14   Knox County, Tennessee this 15th day of August, 2017.

15

16

17

18                    _____
                      REBEKAH M. LOCKWOOD, RPR, CRR
19                    Official Court Reporter
                      United States District Court
20                    Eastern District of Tennessee

21

22

23

24

25